IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES W. FRIDAY, an individual and <br> DENNIS KELLEHER, an individual, t/d/b/a <br> PARTNERS INVESTMENTS, L.P., <br><br> Plaintiffs, <br><br> -vs- <br><br><br> AMERICAN OIL CORPORATION and BP AMOCO <br> CORPORATION, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. 01-1598 <br> ) <br> ) <br> ) <br> ) <br> ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

This civil action arises out of an agreement settling litigation between the parties, which in turn arose out of alleged chemical contamination of Plaintiff's property by Defendants' predecessor.[1] Presently, Plaintiffs have filed a Motion to enforce the settlement agreement. Plaintiffs complain that BP has failed to comply with several provisions of the agreement. In particular, inter alia, they aver that Defendants have failed to address deficiencies identified by the Department of Environmental Protection ("DEP") in a report rejected by the DEP, installed an ineffective treatment system, and otherwise failed to timely commence and

---

[1] For convenience, I refer to Plaintiffs and Defendants collectively.

continue active cleanup of the property. Defendants, in turn, have moved to stay the proceedings and compel arbitration based on a clause in the settlement agreement. Plaintiffs respond that the agreement excludes their particular claim from arbitration.

For the following reasons, Defendants' Motion will be granted.

## OPINION

### A. APPLICABLE STANDARDS

Motions to compel arbitration are evaluated, in the first instance, under the summary judgment standard set forth in Fed. R. Civ. P. 56(c). Kahn v. Option One Mortg. Corp., No. 05-5268, 2006 U.S. Dist. LEXIS 1695, at **2-3 (E.D. Pa. Jan. 18, 2006). Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court must examine the facts in a light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chem . Co., 898 F. 2d 946, 949 (3d Cir. 1990).

### B. ARBITRATION AGREEMENT

There is no significant difference between Pennsylvania and federal law in this context.[2] State Farm Mut. Auto. Ins. Co. v. Coviello, 233 F.3d 710, 713 n.1 (3d Cir. 2000). Under both, questions of arbitrability must be addressed with a regard for

---

[2]Defendants assert, and Plaintiffs do not dispute, the applicability of Pennsylvania law to questions of arbitrability. For that reason, and because the result is the same under either state law or the Federal Arbitration Act, I need not analyze which law applies.

the strong policy favoring arbitration. See, e.g., DDI Architects, P.C. v. Dale, No. 00-CV-3262, 2000 U.S. Dist. LEXIS 11608, at *4 n. 1 (E.D. Pa. Aug. 10, 2000). In either case, my review is limited to whether a valid agreement existed, and whether Plaintiffs' claims fall within its scope. Id.

The party urging arbitration bears the burden of demonstrating that the parties entered into a valid arbitration agreement. Sportelli v. Circuit City Stores,97-5850, 1998 U.S. Dist. LEXIS 316, at *5 (E.D. Pa. Jan. 13, 1998). The party opposing arbitration, however, bears the burden of showing that the claims at issue should not be subject to arbitration. Green Tree Financial Corp. v. Alabama, 531 U.S. 79, 148 L. Ed. 2d 373, 121 S. Ct. 513, 522 (2000); Custer v. Somerset Manor Assoc., 4 Pa. D. & C.4th 225, 242 (Somerset 1989).

Here, the parties do not contest that a valid arbitration agreement exists. The agreement provides that, in the event that "a dispute arises under [the] Agreement…the controversy shall be settled by final and binding arbitration." Settlement Agreement, para. 19. The parties do not dispute that the present dispute "arises under" the agreement.

Plaintiffs argue, however, that their Motion is properly before this Court, due to the following contractual exclusion:

> If, after registering its objections with the DEP as provided herein, the DEP approves a site-specific standard to which Friday has objected, Friday may seek relief in…the Federal Court of the Western District of Pennsylvania requesting that BP be required to use an alternative method for developing the site-specific remediation standard consistent with that proposed to the DEP by Friday.

Settlement Agreement, para. 5(c).[3]

I disagree.  The plain language of this provision requires that several conditions be met before a dispute may be brought before this Court.  Plaintiffs may only seek relief here, for example, if the DEP has approved a site-specific standard to which Plaintiffs have objected.   Plaintiffs have not alleged, and do not now argue, that this occurred.  Therefore, the arbitration exclusion does not come into play in this matter.  Instead, the dispute here presented must be arbitrated.

## **CONCLUSION**

In sum, there is no genuine issue that the dispute reflected in Plaintiff's Motion to Enforce Settlement Agreement must be arbitrated. I will, therefore, stay this matter pending arbitration.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

[3]In the settlement agreement, "Friday" refers to Plaintiffs collectively.

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES W. FRIDAY, an individual and DENNIS KELLEHER, an individual, t/d/b/a PARTNERS INVESTMENTS, L.P., <br><br>      Plaintiffs, <br>  -vs- <br><br>AMERICAN OIL CORPORATION and BP AMOCO CORPORATION, <br><br>      Defendants. | ) ) ) ) ) ) )   Civil Action No. 01-1598 ) ) ) ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **6th** day of April, 2006, it is ORDERED that Plaintiffs' Motion to Enforce Settlement Agreement (Docket No. 15) is DENIED, and Defendant's Motion to Stay Proceedings and Compel Arbitration (Docket No. 18-1) is GRANTED. It is further ORDERED that this matter is stayed and the parties are directed to arbitration in accordance with their agreement.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge